William N. **BYERS**

v.

The **UNITED STATES.**

No. 50221.

United States Court of Claims.
July 12, 1956.

# 928

Bartholomew B. Coyne, Washington, D. C., James M. Fitzpatrick, Washington, D. C., on the brief, for plaintiff.

Rufus E. Stetson, Jr., Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe and H. S. Fessenden, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is an action for recovery of individual income taxes paid by plaintiff for the calendar years 1947, 1948, and 1949, in the total amount of $2,052.83.

The question presented is whether plaintiff was domiciled in Belgium in the years in question and subject to the community property laws of that country.

Plaintiff contends he abandoned his Tennessee domicile on or about October 1, 1946, and thereupon obtained a domicile in Belgium; that he was domiciled in that country during the period 1947 through 1949 and hence his income was subject to that country's community property laws which vested one-half of his income in his wife.

The defendant denies that plaintiff was domiciled in Belgium during the years in question and refuses to refund any tax moneys claimed by plaintiff on the grounds alleged.

Domicile is a compound of fact and law. Traditional formula requires conjunction of physical presence and *animus manendi* in the new location to bring about a domiciliary change. Sweeney v. District of Columbia, 72 App.D.C. 30, 113 F.2d 25, 129 A.L.R. 1370.

Plaintiff, in his brief, concedes that he was domiciled in Tennessee until at least October 1, 1946, and further admits that the fact that he was transferred to Belgium under military orders did not *per se* cause a change of domicile.

The facts show that during plaintiff's overseas military duty he spent time in England, France, Belgium, Holland, and Germany. At the time of his separation from active duty he obtained civilian employment in the Army and was stationed in Germany. When he was recalled to active duty in the Air Force, he was immediately transferred to England. Thus it can be seen that due to his Army and civilian service with the Army he was not in a position to make a choice as to place of abode, and it cannot be said that he was physically present in one place any more than another.

As to the element of intent to remain, the facts clearly show that plaintiff had no intention to remain in Belgium or even in Europe. He at all times remained a citizen of the United States and has remained in the military service since his recall to duty in 1949. Furthermore, plaintiff's 1947 passport shows that he obtained a visa to enter and leave Belgium on several trips during the period December 8, 1947, to January 24, 1948, and during the period April 30, 1948, to May 22, 1949, but in all cases plaintiff was prohibited from establishing himself in Belgium or accepting employment therein.

Plaintiff voted in Tennessee in 1945; he at all times maintained an address in Tennessee; he filed his Federal income tax returns in Tennessee except for the year 1950 when he chose to file in Balti-

more, Maryland; he used the Tennessee address to obtain a U. S. passport in 1947.

Only once, in 1951, did plaintiff's passport show a Belgium address and that was an emergency address. Significantly, in 1947 his passport showed an emergency address in Germany. There is no evidence that plaintiff ever maintained a home of his own in Belgium and the only reason for not living in Government quarters was because no quarters were available.

[redacted] The Court of Appeals of Maryland stated the test to be applied as to establishment of domicile in the case of Thompson v. Warner, 83 Md. 14, 34 A. 830, 831, as follows:

> "* * * But there must be an adoption of the new abode as a place of fixed present domicile. * * * One of the marked evidences of residence is that the person claiming it identifies himself and all his interests with his new place of abode, and exercises the right and performs the duties of a citizen. * * *"

The Supreme Court in the case of Mitchell v. United States, 21 Wall. 350, 353, 22 L.Ed. 584, stated the rule as to circumstances establishing the *animus manendi* as follows:

> "When the claimant left Louisville it would have been illegal to take up his abode in the territory whither he was going. Such a purpose is not to be presumed. The presumption is the other way. To be established it must be proved. Among the circumstances usually relied upon to establish the *animus manendi* are: Declarations of the party; the exercise of political rights; the payment of personal taxes; a house of residence, and a place of business. All these indicia are wanting in the case of the claimant."

[redacted] All these indicia are wanting in the case at bar. Based on the facts as found by the commissioner of this court and the authorities applicable thereto, plaintiff has failed to show that he was domiciled in Belgium in 1947, 1948, and 1949, and therefore is not entitled to claim the benefits of the community property law of that country in arriving at his taxable income for those years.

Plaintiff's petition is dismissed.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.